**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dionicio VILLANUEVA–LABASTIDA,**
**Defendant–Appellant.**

No. 99–30327.

D.C. No. CR–99–06018–FLV.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 23, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Dionicio Villanueva–Labastida appeals his 63–month sentence imposed following a

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

guilty plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. We dismiss for lack of jurisdiction.

■ Villanueva–Labastida contends that the district erred by denying his request for a downward departure based on: (1) the alleged sentencing disparities between districts [1]; (2) unique family circumstances; (3) lesser harms; (4) imperfect necessity; and (5) a combination of the factors cited above. Because the district court expressly acknowledged its discretion to downwardly depart, but declined to do so based on the facts of this case, we lack jurisdiction to review Villanueva–Labastida's claims. *See United States v. Timbana*, 222 F.3d 688, 699 (2000) ("We have no jurisdiction to review a district court's discretionary refusal to grant a downward departure.").

DISMISSED.

No. 99–50075.

D.C. No. CR–97–01057–R.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 23, 2001.

---

1. Sentencing disparities are no longer a valid basis for departure. *See United States v. Banuelos–Rodriguez*, 215 F.3d 969 (9th Cir.2000) (en banc).

